UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES A. BENSON,                    )
                                      )
                    Plaintiff,        )
                                      )        CAUSE NO. 1:16-CV-362 WL
          v.                          )
                                      )
ALLEN COUNTY JAIL, *et. al.*,         )
                                      )
                    Defendants.       )

<u>OPINION AND ORDER</u>

Charles A. Benson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.)
Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the
same standard under Section 1915A as when deciding a motion under Federal Rule of Civil
Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive
dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana
Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states
a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and
a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Benson complains about a number of events that took place while he was incarcerated at the

Allen County Jail as a pretrial detainee. Because Benson was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Deprivations must be "unquestioned and serious" and deprive prisoner of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

He first alleges that on May 8, 2016, five officers dressed in S.O.R.T. gear removed him from his cell and placed him in segregation with restrictive conditions. Because Benson is a pretrial detainee, he may not be punished without due process of law. *Bell*, 441 U.S. at 520. However, not every placement of a pre-trial detainee in segregation constitutes punishment, and when done for legitimate security reasons such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995), *see also Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Benson does not explain why he was placed in segregation. It may very well be that he was placed there for a legitimate security reason. Without more, it would not be plausible to infer that he was placed there for some illegitimate reason.

Next, Benson states that while in segregation, he was unable to take a daily shower, but he does not say how often he needed to shower, nor why. Neither does he say how often he was able

to shower. Based on this complaint and its attachments, it would not be plausible to infer that he was permitted to shower less than once per week, *see Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013), nor that he has any special circumstances which required that he bathe more frequently.

Next, Benson alleges that he was placed in a cell where the lights are left on for 24 hours a day. He does not explain how many days he spent in that cell, how bright the lights are, nor what harm was caused by them. Neither does he say whether he is permitted to cover his eyes to block out the light and help him sleep. Based on the current complaint, the court cannot plausibly infer that leaving the lights on for an unspecified number of days states a claim. *See Mathews v. Raemisch*, 513 Fed. Appx. 605 (7th Cir. 2013).

Next, Benson alleges that these same officers came back to his cell dressed in S.O.R.T. gear on May 13, 2016. While they were there, they verbally harassed him. However, verbal harassment, though despicable, does not trigger any constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prison equal protection of the laws."). Benson claims that these officers were aggressive while extracting him from his cell. He ended up with a broken nose due to being pressed against the cell door. There are no allegations that the officers intentionally hurt him to serve as some form of punishment. Instead, it appears that Benson was hurt while being extracted from his cell. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 535.). Though the extraction of Benson required the use of force, and

unfortunately resulted in an injury to Benson, this court cannot find that Benson has adequately pled that the officers used excessive force because there are multiple gaps in Benson's account. He does not describe the circumstances that required the S.O.R.T. team to enter his cell to extract him. He also does not clearly explain what transpired between him and the officers that led the officers to use force, nor does he explain why he was pushed against the cell door which caused his injuries.

As a final matter, Benson admits that he did not file a grievance at the jail or exhaust his administrative remedies with respect to these claims before filing suit. (DE 1 at 2.) He claims that he did not file a grievance because "all that they will do is back each other up its not a real grievance system in this jail." (Id.) Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff pleads himself out of court). Benson's complaint meets this standard.

To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. Here, Benson admits that he did not submit a grievance before he filed this complaint. This allegation makes it appear that there was a grievance process available at the jail, but that Benson opted not

to seek relief through this process.

The U.S. Supreme Court has made clear that exhaustion is not optional but is instead a mandatory prerequisite to filing suit over prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Benson does not allege, nor can it reasonably be inferred, that jail staff made the grievance process unavailable to him by failing to provide the necessary forms or otherwise hindering his efforts to file a grievance. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). He is required to follow the grievance process established by the facility. *Pozo*, 286 F.3d at 1023. If it is true that Benson has not exhausted his available administrative remedies, Section 1997e(a) requires that this suit be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Ultimately, while Benson claims that his nose was broken during a cell extraction and he was placed in unfavorable conditions, the complaint lacks sufficient facts to adequately plead that any individual violated his constitutional rights. In addition, if Benson did not exhaust his available administrative remedies, this case cannot proceed until he does. Nevertheless, because this complaint is vague, Benson will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, he needs to set forth his claims in sufficient detail and address the deficiencies raised in this order.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and send it to Charles A. Benson;

(2) **GRANTS** Charles A. Benson to and including March 27, 2017, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed

pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: February 28, 2017

 s/William C. Lee          
William C. Lee, Judge
United States District Court