UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES A. BENSON, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:16-CV-362 |
| ALLEN COUNTY JAIL, et al., | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court for ruling on three pending motions filed by the Plaintiff, Charles Benson. Benson filed a Motion for Judgment on the Pleadings on July 12, 2018 (ECF 57), to which the Defendants, Allen County Confinement Officers Jacob Myers and Richard Wacasey, filed a response in opposition on July 26 (ECF 59). On July 30 Benson filed a Verified Motion to Appoint Counsel (ECF 60) and on August 2 he filed a Motion for Oral Argument for Judgment on the Pleadings (ECF 61). The Defendants elected not to file responses to either of those motions. For the reasons explained below, Benson's Motion for Judgment on the Pleadings is **DENIED**; his Motion to Appoint Counsel is **DENIED**; and his Motion for Oral Argument is **DENIED**.

**STANDARD OF REVIEW**

Subsection (c) of Rule 12 provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion brought pursuant to Rule 12(c) is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). *Neely v. Facility Concepts, Inc.*, 274 F.Supp.3d 851, 853-54 (S.D. Ind. 2017), amended in part, 2017 WL 2378283 (S.D. Ind. June 1, 2017) (citing *United*

*States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)). "The Court should 'take all well-pleaded allegations in the plaintiffs' pleadings to be true, and [should] view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs.'" *Id*. (quoting *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986)). However, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (U.S. 2007)). "The documents a court may consider under Rule 12(c) include the complaint, the answer, and any written exhibits attached as exhibits [to either]." *Id*., (quoting *N. Indiana Gun & Outdoor Shows, Inc*. 163 F.3d 449, at 452 (7th Cir. 1998)). Most importantly, especially in the present case, "*[a] motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law*." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)) (italics added).

## DISCUSSION

Charles Benson filed this lawsuit on June 27, 2016. Complaint (ECF 1). He named as defendants the Allen County Jail, Allen County Sheriff David Gladieux, and several Jail confinement officers, including Defendants Jacob Myers and Richard Wacasey. *Id*. Benson also filed a Motion for Leave to Proceed *In Forma Pauperis* on November 23, 2016 (ECF 4), which the Court granted on December 7, 2016 (ECF 5). The case had a somewhat circuitous procedural history from that point until August 9, 2017, when Benson filed the Amended Complaint that is now the controlling complaint in this case. Prisoner Complaint Under 42 U.S.C. § 1983 ("Amended Complaint") (ECF 19). Because Benson was incarcerated at the time he filed this

lawsuit, the Court reviewed his Amended Complaint as required by 28 U.S.C. § 1915A. The Court entered an Opinion and Order on September 25, 2017, granting Benson "leave to proceed against Allen County Jail Officers Meyers and Wacasey in their individual capacities for compensatory and punitive damages for using excessive force against him on May 13, 2016, in violation of the Fourteenth Amendment," and dismissing all other claims and all other defendants. Opinion and Order (ECF 21).

Benson alleges that on that date Myers and Wacasey used excessive force against him during an incident at the Allen County Jail. Amended Complaint, pp. 3, 8. The operative facts about that incident are mostly undisputed. Jail officers believed that Benson, who was a pretrial detainee at the Jail on May 13, 2016, might be in possession of a dangerous object–a piece of a broken light fixture–that he could use to harm himself or others. A team of confinement officers went to Benson's cell to conduct a "cell extraction," removing him from his cell, searching it, conducting a strip search of Benson in another room, and returning him to his cell. No contraband was found on Benson or in his cell. When officers went to Benson's cell they ordered him to face the back wall of his cell with his hands up. The officers entered the cell and Myers, who was holding a riot shield, used it to push Benson against the wall while Wacasey placed him in handcuffs. When the two officers did this, Benson alleges that it reaggravated his apparently previously broken nose. Benson describes the incident as follows:

> [Officer] Myers had the riot shield and pressed it up against my back, pinning me to the wall, which caused me to hit my broken nose up against the barred window while [Wacasey] held my head causing extreme pain. . . . Myers had the riot shield, came in and pressed it up against my back pressing me up against the wall of my cell with my face up against cell barred windows hitting my broken nose on it while [Wacasey] pressed the back of my head on the bars.

3

*Id*. In his motion for judgment, Benson argues as follows:

> The Defendants may argue that the force they applied did not amount to excessive force due to it did not result in serious injury, Benson will disagree in [light] of caselaw. Also Benson was injured by Defendants by the force applied which reiterated his recently or recent previous injury that cause extreme pain all over again. "As the Supreme Court has said, pain, not injury, is the barometer by which we measure claims of excessive force."

Motion for Judgment on the Pleadings, p. 5 (quoting *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009)). In short, Benson argues that since the Defendants do not deny that the incident occurred, or that they pinned him against the wall prior to removing him from his cell, or that he was compliant at all times, and because he suffered "extreme pain" as a result of the force used by Myers and Wacasey, he is *ipso facto* entitled to judgment as a matter of law. He believes this to be so because he was a pretrial detainee at the time of the incident and therefore he was "protected under the Fourteenth Amendment of any and all punishment by the state no matter how much, how less, how big, or how small, the amount of force applied, Benson shall be free of all punishment period." *Id*., p. 4. Benson further alleges that the actions of Myers and Wacasey were deliberate and that they were motivated to harm him because he was detained on a charge of attempted murder of a police officer. *Id*., p. 6. Benson insists that this "utterly and without a doubt shows and or prove that the Defendants' motive was ill-willed, malicious, wicked, deliberately, sadistically and in retaliation." *Id*.

Defendants Myers and Wacasey filed an Answer to the Amended Complaint, denying the allegations of excessive force and asserting several affirmative defenses. Answer to Complaint (ECF 28). For the most part they do not dispute Benson's version of the incident, but they "deny that Officer Wacasey, Officer Myers or any other member of the Allen County Sheriff's

4

Department used excessive force against him at any time as alleged in the Complaint. . . . The Defendants' use of force was made in a good faith effort to maintain and restore discipline in the Allen County Jail. The Defendants expressly deny that any use of force was malicious or used sadistically to cause harm to the Plaintiff." Answer, p. 1.

**I. Motion for judgment on the pleadings.**

Benson believes that he is entitled to judgment under Rule 12(c) because the allegations in his Amended Complaint "utterly and unequivocally state[] a claim which relief shall be granted upon the Plaintiff[.]" Motion for Judgment on the Pleadings, p. 1. Myers and Wacasey argue in their response in opposition that the motion "should be denied as a plain reading of the Plaintiff's Complaint and the Defendants' Answer reveals that there are issues of material fact precluding the entry of judgment." Brief in Response, p. 1. The Defendants state as follows:

> In the present case, Benson moves for summary judgment on the pleadings and essentially reasserts the allegations previously set forth in his Complaint. Those allegations were expressly denied by Officer Wacasey and Officer Myers in their Answer to the Plaintiff's Complaint, wherein they also asserted numerous affirmative defenses. Given the denial of the allegations the Plaintiff relies upon, the pleadings before the Court do not support the Plaintiff's request for an entry of judgment.

*Id.*, p. 3.

In their brief in opposition to Benson's motion, Myers and Wacasey cite and discuss a Seventh Circuit opinion they say "addressed an essentially identical issue[.]" *Id.* (citing *Longstreet v. Reiman*, 70 F.3d 117 (7th Cir. 1995)). In *Longstreet*, the plaintiff was an inmate who filed a *pro se* complaint under § 1983 seeking compensatory and punitive damages from the defendant, a prison correctional officer whom Longstreet alleged "inflicted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by slamming Longstreet into

5

walls and using excessive force." *Id*. The defendants denied the allegations and the district court denied the plaintiff's motion, explaining as follows:

> In his Answer to Longstreet's complaint, Reiman denied all the material factual allegations of Longstreet's complaint–including the allegation that Reiman used excessive force against Longstreet by shoving him against the walls. Longstreet argues that such a comprehensive denial was tantamount to a lie and entitled him to judgment on the pleadings under Fed.R.Civ.P. 12(c). Longstreet misapprehends the Rule. A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved.

*Longstreet*, 70 F.3d 117 (citing Rule 12(c) and *Karaganis*, 811 F.2d at 358). *See also, Vann v. Inst. of Nuclear Power Operations, Inc.*, 2010 WL 11601718, at *3 (N.D. Ga. July 15, 2010) (denying plaintiff's motion for judgment on the pleadings when plaintiff had not established that no material issue of fact remained to be resolved and that it was entitled to judgment as a matter of law) (citing *Indianapolis Life Ins. Co. v. Lucky Stores, Inc.*, 1991 WL 95038, at *1 (N.D. Ill. May 29, 1991)). The situation in the present case mirrors that of *Longstreet* and the outcome is the same. Benson believes the undisputed facts prove his case, but he is mistaken. What they prove is that Myers and Wacasey used some amount of physical force against Benson during the cell extraction and that he suffered pain when they did so. Given that he was protected at the time by the Fourteenth Amendment, which he believes protects him from any sort of "punishment" no matter "how big, or how small," Benson believes that he proven his case and is entitled to judgment and damages. He insists that "[t]here is no doubt that Benson's complaint did not fail to state claim nor did his complaint lack placing Defendants on a sufficient notice." Motion for Judgment, p. 3. But the Court already determined that his Amended Complaint was sufficient to state a claim against Myers and Wacasey, and allowed him to pursue that claim. Opinion and

Order (ECF 21). What Benson fails to comprehend is the difference between stating a viable claim and proving it. No matter how "utterly and unequivocally" he believes the facts support his claim, the determinative fact issue–whether the force used by Myers and Wacasey against Benson on May 13, 2016, rose to the level of *excessive* force–is unresolved and can only be determined by a jury. (The same is true as to damages. If Benson succeeds in convincing a jury that the Defendants' use of force was objectively unreasonable under the circumstances, he must then present evidence as to his damages, which will also be determined by the jury.) In short, there are material factual disputes in this case, including as to the ultimate issue, that remain unresolved and Benson's motion for judgment on the pleadings must be denied.

**II. Motion for oral argument.**

Benson moves the Court to set a hearing on his motion for judgment on the pleadings because he "was unaware that his motion for Judgment would or could be construed as a motion for summary judgment[]" and, if this Court did construe it as such, he wants an "opportunity to present all the materials that [are] pertinent to that motion[.]" Motion for Oral Argument (ECF 61), pp. 1-2. Benson is correct that under some circumstances a court can convert a motion for judgment on the pleadings to a one for summary judgment under Rule 56. *See Jones v. State Wide Aluminum, Inc.*, 246 F.Supp.2d 1018, 1027 (N.D. Ind. 2003). But the Court analyzed Benson's motion for judgment on the pleadings under the proper standard. To reiterate, "[a] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6)." *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, 2018 WL 3830059, at *1 (N.D. Ind. Aug. 13, 2018) (citing *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017)).) It is not necessary to convert Benson's motion to one for summary

7

judgment since the Amended Complaint (and all documents Benson attached), the Defendants' Answer, and the parties' briefs are the only pleadings the Court needs to review to rule on the motion. As the Court explained above, Benson's Amended Complaint and the Defendants' Answer reveal on their face the existence of unresolved material fact issues. Benson will have an opportunity to present any evidence, including of course his own testimony, to support his allegations at the summary judgment stage or at trial. At this juncture, however, oral argument is unnecessary and would be fruitless. For these reasons, Benson's motion for hearing or oral argument (ECF 61) is denied.

### III. Motion for appointment of counsel.

Benson moves the Court to appoint an attorney to represent him *pro bono*. Motion for Appointment of Counsel (ECF 60). He contends that he is unable to access a prison law library regularly enough to pursue this case on his own and needs an attorney to assist him. *Id*. Benson attached to his motion ten letters he wrote to attorneys seeking their representation, along with letters from most of those attorneys wherein they state that they cannot represent him in this case. *Id*., Exhibits 2-17. Benson also states that his financial condition has not changed since he was granted *in forma pauperis* status and so he is still indigent and unable to hire a lawyer to represent him. *Id*., p. 2.

It is well established that "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, in some circumstances, the Court may ask an attorney to volunteer to represent indigent parties. As the appellate court explained:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the

district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Benson moved the Court once before to appoint counsel. Motion for Court Appointed Counsel, May 7, 2018 (ECF 51). Magistrate Judge Collins, to whom this case is on partial referral, denied that motion on May 10, 2018. Order (ECF 52). Judge Collins denied the motion without prejudice, explaining in her order as follows:

> [T]he motion will be denied with leave to refile after Benson has [contacted] ten attorneys along with a letter requesting that they represent him. . . . After waiting a reasonable length of time for responses, if he then asks the Court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself.

*Id*. pp. 1-2. Benson followed Judge Collins' instructions and filed his renewed motion with the appropriate documents attached. The Court concludes, however, that the issues in this case–both factual and legal–are straightforward and that Benson is capable of pursuing the case *pro se*. As the Court stated above, most of the relevant underlying facts giving rise to Benson's claims are undisputed and the issues already clearly delineated (i.e., was the amount of physical force Myers and Wacasey used against Benson objectively unreasonable under the circumstances and, if so, what amount of damages is he entitled to recover?).

The Court will revisit the matter of appointing counsel should circumstances warrant doing so, especially if the case goes to trial. But at this juncture there is no reason to do so and Benson will have to continue *pro se*. Benson, like all *pro se* prisoner litigants, is hampered by limitations and restrictions as a result of his incarceration that make it difficult for him to litigate

9

a suit in federal court. The Court is mindful of Benson's circumstances and he will be afforded ample opportunity to present whatever relevant and admissible evidence or argument he has, but he does not need an attorney to assist him at this time.

## CONCLUSION

For the reasons discussed above, Plaintiff Charles Benson's Motion for Judgment on the Pleadings (ECF 57) is **DENIED**; his Motion to Appoint Counsel (ECF 60) is **DENIED**; and his Motion for Oral Argument (ECF 61) is **DENIED**.

Date: September 5, 2018.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana